HANSEN, Circuit Judge,
concurring in the judgment.
I believe Congress could not have been more clear in its intent to apply § 804 of the Sarbanes-Oxley Act retroactively, but because Congress’s separate intent to revive expired claims is not so clear, I concur in the court’s judgment.
Retroactive application of a new statute occurs when newly enacted legislation is applied to causes of action that have already accrued at the time of the change in law, regardless of whether or not suit has been filed. See Hughes Aircraft Co. v. U.S. ex rel. Schumer, 520 U.S. 939, 946, 117 S.Ct. 1871, 138 L.Ed.2d 135 (1997) (“ ‘The principle that the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place has timeless and universal appeal.’ ” (quoting Landgraf v. USI Film Prods., 511 U.S. 244, 265, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994)) (internal citations omitted)). Thus, anytime new legislation applies to causes of action that have accrued prior to the enactment of the legislation, it has a retroactive effect. This brings to mind two classes of actions that can be affected by retroactive legislation-those that have accrued and for which suit has already been filed at the time of the legislation (in other words pending cases), and those that have accrued but for which suit has not yet been filed. Congress clearly intended to apply the new statute of limitations to the second class of cases, but not the first. See Public Company Accounting Reform and Investor Protection Act of 2002, Pub.L. No. 107-204 § 804(b), 116 Stat. 745, 801 (“The limitations period provided by section 1658(b) of title 28, United States Code, ... shall apply to all proceedings ... that are commenced on or after the date of enactment of the Act.” (emphasis added)). That Congress chose to limit the retroactive effect of the new statute’s reach only to the second class of cases does not make it any less retroactive. Thus, I respectfully disagree with the court to the extent that it hinges its conclusion of no clear retroactive intent on the lack of the statute’s applica *979 tion to pending cases. As a general proposition, I would hold that the language used by Congress in establishing the effective date of § 804 of the Sarbanes-Oxley Act clearly reflects its intent to apply the new statute retroactively, at least to those cases not yet filed.
Entirely separate from the issue of whether Congress intended to apply the statute retroactively is the question of whether Congress also intended to revive stale claims-those claims that had already expired under the one-year statute before enactment of the new legislation. “Congress can revive stale claims but must do so clearly.” Resolution Trust Corp. v. Seale, 13 F.3d 850, 853 (5th Cir.1994). Because Congress did not express its clear intent to revive stale claims, and thus disturb the settled expectations of potential defendants who had a legal justification to rely on an expired one-year statute of limitation, I concur in the court’s judgment that the Sarbanes-Oxley Act does not revive claims that had expired prior to the enactment of the Act.